KATZENMEYER v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit.  May 20, 1915.)

No. 2116.

INDIANS ⬤══34—SALE OF LIQUOR—STATUTES—CONSTITUTIONALITY.

It was within the power of Congress to enact Act Jan. 30, 1897, c. 109, 29 Stat. 506 (Comp. St. 1913, § 4137), making it an offense to sell liquor to any Indian, a ward of the government under charge of any Indian superintendent or agent, since federal guardianship is in full force as to both the persons and property of Indians living in tribal relations, though they may be citizens.

[Ed. Note.—For other cases, see Indians, Cent. Dig. § 60; Dec. Dig. ⬤══34.]

In Error to the District Court of the United States for the Eastern District of Wisconsin; Ferdinand A. Geiger, Judge.

George Katzenmeyer was convicted of selling liquor to Indians who were wards of the government and under the charge of an Indian agent of the United States, and he brings error.  Affirmed.

Guy D. Goff, of Milwaukee, Wis., for defendant in error.

Before BAKER, KOHLSAAT, and MACK, Circuit Judges.

MACK, Circuit Judge.  Plaintiff in error was convicted of selling liquor to Indians then and there wards of the government and under the charge of an Indian agent of the United States.  The sole question presented on the writ of error is whether Act Jan. 30, 1897, c. 109, 29 Stat. 506, making it a penal offense to sell liquor "to any Indian, a ward of the government under charge of any Indian superintendent or agent" is within the constitutional power of Congress to enact.

Reliance is placed primarily upon the Matter of Heff, 197 U. S. 488, 25 Sup. Ct. 506, 49 L. Ed. 848.  The court, on habeas corpus, discharged Heff on the ground that, while Congress alone could determine when the federal guardianship over an Indian should cease, if and when it had completely emancipated him, so that, as to his personal status, the tribal relation was at an end and he had become a full-fledged citizen of the United States, the state alone, under its police power, could regulate the liquor traffic as to such an Indian, whether as vendor or as vendee.

That this principle is inapplicable to the regulation of such traffic in Indian reservations and the so-called Indian country is held in numerous cases.  Johnson v. Gearlds, 234 U. S. 422, 34 Sup. Ct. 794, 58 L. Ed. 1383, and cases cited therein.

Federal guardianship is in full force, both as to property rights and personal status, at least as long as the tribal relation continues, except in so far as Congress has relinquished it. That there is no incompatibility between citizenship of and guardianship over an Indian is well settled. United States v. Noble, 237 U. S. 74, 35 Sup. Ct. 532, 59 L. Ed. ——, and cases cited.

The persons to whom the liquor was sold by the plaintiff in error were concededly Indians of mixed blood, who had voluntarily enrolled themselves as members of a tribe which was in charge of an Indian agent. How and when they had become citizens of the United States is immaterial. By their own voluntary act, consented to by the tribe, they had assumed the status of tribal Indians. Whether they thereby lost their citizenship, it is unnecessary to determine. As members of the tribe, whether citizens or not, they were subject to regulation and control by the federal government, and as to them the act of 1897 was valid and applicable. Mosier v. United States, 198 Fed. 54, 117 C. C. A. 162. As the court says in Perrin v. United States, 232 U. S. 478, 482, 34 Sup. Ct. 387, 389 (58 L. Ed. 691):

"The power of Congress to prohibit the introduction of intoxicating liquors into an Indian reservation, wheresoever situate, and to prohibit traffic in such liquors with tribal Indians, whether upon or off a reservation and whether within or without the limits of a state, does not admit of any doubt. It arises in part from the clause in the Constitution investing Congress with authority 'to regulate commerce with foreign nations, and among the several states, and with the Indian tribes,' and in part from the recognized relation of tribal Indians to the federal government."

Judgment affirmed.